IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| In Re: The Seizure of Multiple Firearms and Assorted Ammunition | ) ) | MISC. NO. 3:25-mc-42-JFA |

MOTION TO EXTEND TIME TO FILE JUDICIAL FORFEITURE ACTION

Pursuant to 18 U.S.C. § 983(a)(3)(A),[1] the United States moves for an order extending the time in which the United States is required to file a judicial forfeiture action seeking forfeiture of Multiple Firearms and Assorted Ammunition (the "Subject Properties"), which were previously seized by agents of the Bureau of Alcohol, Tobacco, Firearms and Explosives on August 14, 2024. The government seeks to extend the current filing deadline by 90 days, based upon the pendency of a related criminal investigation. The current deadline for filing a judicial forfeiture action is February 10, 2025. The proposed new deadline is May 12, 2025. Absent an extension, the United States will file a civil complaint for forfeiture in rem, which would be duplicative of anticipated criminal forfeiture proceedings, as referenced below.

In support of the motion, the United States would show the following:

---

[1] 18 U.S.C. § 983(a)(3)(A), provides:

> Not later than 90 days after a claim has been filed, the Government shall file a complaint for forfeiture in the manner set forth in the Supplemental Rules for Admiralty and Maritime Claims or return the property pending the filing of a complaint, except that a court in the district in which the complaint will be filed *may extend the period for filing a complaint for good cause shown* or upon agreement of the parties.

(Emphasis added).

1

1. Pursuant to 18 U.S.C. § 983(a)(1)(A), the government provided the known potential claimants with written notice of the government's intention to administratively forfeit the Subject Properties. On November 12, 2024, a claimant[2] filed an administrative claim contesting forfeiture.

2. The Subject Properties are associated with a pending criminal investigation in this district being supervised by AUSA Christopher D. Taylor. The undersigned has confirmed with AUSA Christopher D. Taylor, who anticipates the filing of a criminal Indictment that will include provisions providing for the forfeiture of the Subject Properties pursuant to Rule 32.2, Fed.R.Crim.P. and 21 U.S.C. § 853. Such criminal forfeiture proceedings would likely make the filing of parallel civil forfeiture proceedings duplicative and unnecessary.

3. The known potential claimants have retained attorneys Christopher Wellborn and Leland Greeley of Rock Hill, South Carolina, to represent the claimants in this matter.

4. Attorneys Wellborn and Greeley, along with their respective clients, join, agree, and consent to the motion to extend the time to file a judicial forfeiture action.

5. The United States submits that avoiding multiple judicial forfeiture actions related to the same property constitutes "good cause" for an extension of the judicial filing deadline under 18 U.S.C. § 983(a)(3)(A).

WHEREFORE, based upon the United States' motion to extend the filing date, the government respectfully requests that the Court extend the period in which the United

---

[2] Given the preliminary stage of the criminal investigation, the privacy interests of the claimant, and the potential impact on the claimant if his or her identity were made public in association with a criminal investigation, this motion does not identify the claimant by name. *See Media Gen. Ops., Inc. v. Buchanan*, 417 F.3d 424, 430 (4th Cir. 2005) (upholding sealing of affidavit submitted in support of a search warrant where government argued it was necessary because of "the preliminary stage of the investigation; the potential impact on the parties searched if unproven criminal allegations were made public; the impact of the affidavit's release on broader investigations in other districts; and the privacy interests . . . relating to persons being searched"). The claimant's identification has no bearing on the issue of whether there is good cause to extend the current filing deadline.

States is required to file a judicial forfeiture action against the Subject Properties until May 12, 2025.

            Respectfully Submitted,

            ADAIR F. BOROUGHS
            UNITED STATES ATTORNEY

      By: s/ Carrie Fisher Sherard
         Carrie Fisher Sherard #10134
         Assistant United States Attorney
         55 Beattie Place, Suite 700
         Greenville, SC 29601
         (864) 282-2100

January 21, 2025